## IN THE SIXTH JUDICIAL DISTRICT FOR THE STATE OF TENNESSEE
## CIRCUIT DIVISION

LEAH AMANDA BAIRD, a citizen and resident
of Campbell County, Tennessee, residing at 908
Red Cut Road, Pioneer, TN 37847,

     Plaintiff,

v.

                    Docket No. 3-58-20
                    TWELVE MEMBER

JAMES R. BALLARD, a citizen and resident        JURY REQUESTED
of Campbell County, Tennessee, residing at 9044
Deer Trot Lane, Knoxville, TN 37920,

     Defendant.

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT(S):

    You are hereby summoned and required to serve upon Dail. R. Cantrell, of The Cantrell
Law Firm, whose address is 362 South Charles G. Seivers Blvd., P.O. Box 299, Clinton,
Tennessee 37717, an answer to the Complaint herewith served upon you within thirty (30) days
after service of this Summons and Complaint exclusive of the day of service. If you fail to do so,
judgment by default can be taken against you for the relief demanded in the Complaint.

    Issued and tested this 24 day of February, 2020.

_Charles D. Susano III_
Clerk

_____
Deputy Clerk

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000.00) personal
property exemption from execution or seizure to satisfy a judgment. If a judgment should be
entered against you in this action and you wish to claim property as exempt, you must file a
written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court.
The list may be filed at any time and may be changed by you thereafter as necessary; however,
unless it is filed before the Judgment becomes final, it will not be effective as to any execution or
garnishment issued prior to the filing of the list. Certain items are automatically exempt by law
and do not need to be listed; these include items of necessary wearing apparel for yourself, trunks
or other receptacles necessary to contain such apparel, family portraits, the family Bible, and
school books. Should any of these items be seized, you would have the right to recover them. If
you do not understand your exemption right or how to exercise it, you may wish to seek the
counsel of a lawyer.



ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

## SERVICE INFORMATION

The Defendant, **James R. Ballard,** can be served at 9044 Deer Trot Lane, Knoxville, TN 37920.

I received this Summons on the _____ day of _____, 2020.
I hereby certify and return that on the _____ day of _____, 2020.
[ ] Served this Summons and Complaint on Defendant in the following manner: _____

_____
_____
_____

[ ] Failed to serve this Summons and Complaint within thirty (30) days after its issuance because:

_____
_____
_____


_____
**PROCESS SERVER**

FILED
CHARLES D. SUSANO III
'20 FEB 24 AM 10: 52
[illegible stamp]
COUNTY CIRCUIT,
CIVIL SESSIONS
& JUVENILE COURTS

# IN THE SIXTH JUDICIAL DISTRICT FOR THE STATE OF TENNESSEE
## CIRCUIT DIVISION

LEAH AMANDA BAIRD, a citizen and resident
of Campbell County, Tennessee, residing at 908
Red Cut Road, Pioneer, TN 37847,

      Plaintiff,

v.

JAMES R. BALLARD, a citizen and resident
of Campbell County, Tennessee, residing at 9044
Deer Trot Lane, Knoxville, TN 37920,

      Defendant.

Docket No. 358-20
TWELVE MEMBER
JURY REQUESTED

## COMPLAINT

Comes now the Plaintiff, by and through counsel, and would hereby set forth as follows:

1. The Plaintiff is a citizen and resident of Campbell County, Tennessee. The Defendant is a citizen and resident of Knox County, Tennessee. The motor vehicle accident which gives rise to this cause of action occurred in Knox County, Tennessee; therefore, jurisdiction and venue are proper with this Honorable Court.

2. On or about Friday, February 23, 2018, at approximately 4:24 p.m., the Plaintiff was operating a motor vehicle traveling in the southbound lane on Interstate 75 in Knox County, Tennessee. As the Plaintiff was in the process of slowing for traffic she was struck in the rear by a vehicle being operated by the Defendant, causing the Plaintiff to sustain serious and permanent personal injuries.

3. The Plaintiff would aver that the Defendant is guilty of committing the following specific acts of negligence:

      a. operating his vehicle at an excessive rate of speed given the circumstances then and there existing;

b. following too closely; and

c. failure to give due regard to the rights and safety of others.

4. The Plaintiff would further aver that the Defendant is guilty of violating the following section of the Tennessee Code Annotated:

a. T. C. A. 55-08-101, et seq.

5. The Plaintiff would further aver that as a direct and proximate result of the above-stated acts of negligence of the Defendant, none of which is the responsibility of the Plaintiff, the Plaintiff has suffered injuries including, but not limited to, the incurring of medical and hospital expenses; suffered lost wages and a loss of future earning expectancy; suffered physical pain and emotional suffering; suffered a loss of the enjoyment of life; and suffered a permanent physical impairment all as a result of the above-stated acts of negligence of the Defendant, none of which is the responsibility of the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests this Honorable Court to impanel a twelve (12) person jury to try all issues of fact brought forth by this Complaint; to award the Plaintiff compensatory damages in an amount not to exceed Seventy Thousand Dollars ($70,000.00); and to award the Plaintiff such other, further and general relief to which she may be entitled

Respectfully submitted this the 24th day of February, 2020.

LEAH AMANDA BAIRD

BY: _____

DAIL R. CANTRELL (014780)
Attorney for Plaintiff

**OF COUNSEL:**

**THE CANTRELL LAW FIRM**
**Post Office Box 299**
**Clinton, Tennessee 37717**
**(865) 457-9100**


FILED
CHARLES D. SUSANO III
CLERK
2020 FEB 24 AM 10: 54
KNOX COUNTY CIRCUIT
CIVIL SESSIONS
JUVENILE COURTS

## COST BOND

  We acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. 20-12-120.

**PRINCIPAL**

**THE CANTRELL LAW FIRM**
**SURETY**
**DAIL R. CANTRELL (014780)**
**P.O. Box 299**
**Clinton, Tennessee 37717**
**(865) 457-9100**

## IN THE SIXTH JUDICIAL DISTRICT FOR THE STATE OF TENNESSEE
## CIRCUIT DIVISION

LEAH AMANDA BAIRD, a citizen and resident
of Campbell County, Tennessee, residing at 908
Red Cut Road, Pioneer, TN 37847,

      Plaintiff,

v.

JAMES R. BALLARD, a citizen and resident
of Campbell County, Tennessee, residing at 9044
Deer Trot Lane, Knoxville, TN 37920,

      Defendant.

Docket No. 3-58-20
TWELVE MEMBER
JURY REQUESTED

### REQUESTS TO ADMIT

Comes now the Plaintiff, by and through counsel, and pursuant to Rule 36 of the

Tennessee Rules of Civil Procedure, and does request that the Defendant admit the truth

of the following matters:

1.  Would this Defendant admit that he was involved in a motor vehicle accident

    with the Plaintiff on February 23, 2018?

2.  Would this Defendant admit that the Plaintiff took no action which

    contributed to the cause of the motor vehicle accident that is the subject matter

    of this litigation?

Respectfully submitted this the 24th day of February, 2020

                     DAIL R. CANTRELL (014780)
                     Attorney for Plaintiff

OF COUNSEL:
THE CANTRELL LAW FIRM
Post Office Box 299
Clinton, Tennessee 37717
(865) 457-9100

FILED
CHARLES D. SUSANO III
2020 FEB 24 AM 10: 52
KNOX COUNTY CIRCUIT,
CIVIL SESSIONS
AND JUVENILE COURTS

## IN THE SIXTH JUDICIAL DISTRICT FOR THE STATE OF TENNESSEE
## CIRCUIT DIVISION

**LEAH AMANDA BAIRD, a citizen and resident**
**of Campbell County, Tennessee, residing at 908**
**Red Cut Road, Pioneer, TN 37847,**

      **Plaintiff,**

**v.**

**JAMES R. BALLARD, a citizen and resident**
**of Campbell County, Tennessee, residing at 9044**
**Deer Trot Lane, Knoxville, TN 37920,**

      **Defendant.**

**Docket No. 3-58-20**
**TWELVE MEMBER**
**JURY REQUESTED**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### PROPOUNDED TO THE DEFENDANT

The following Interrogatories are propounded unto the Defendant, pursuant to Tennessee

Rules of Civil Procedure 33 and 34, which require you to answer the following Interrogatories, under

oath, pursuant to the provisions of those rules.

### Definitions and Instructions

1.    As used herein, the terms "you," and "your", or "yourself" refers to the Defendant, each of Defendant's agents, representatives and attorneys, and each person acting or purporting to or on Defendant's behalf.

2.    As used herein, the term "person" shall include natural persons, firms, partnerships, associations, joint ventures, corporations, agencies, boards, authorities, commission, governmental entities, and any other form of legal or informal entity.

3.    "And" as well as "or," as used herein shall be read and applied as though interchangeable, and shall be construed either disjunctively or conjunctively so as to require the fullest and most complete disclosure of all requested information.

4.    The term "Document" shall be defined as the original, and if the original is unavailable any copy of any tangible thing or subject matter having any informational content whatsoever, which is now in the actual or constructive possession, custody, or control or you, your attorneys or your representatives of any type whatsoever. Without limiting the generality of the foregoing, and for the

purpose of illustration only, the term "Document" shall include, but is not limited to, the following:

a.  Handwritten, printed, typewritten, computer-generated, recorded, graphic, or photographic material of any kind or character;

b.  Any and all tapes, disks, and non-duplicate copies and transcripts thereof; and

c.  Any and all memoranda, books, records, filings, reports, notes, desk calendars, diaries, telegrams, transcripts, cables, telex transcriptions, correspondence, graphs, charts, letters, lists, minutes, agenda, computer print-outs, data compilations, drafts, contracts, agreements, notations of conversations or conferences, inter-office and intra-office communications, bulletins, circulars, pamphlets, studies, notices, summaries, teletype messages, drawings, tables, financial statements and records, accounting statements and records, invoices, worksheets, ledgers, voucher, receipts, and all other writings of any and every description; and

d.  Any and all photographs, movies, tapes, electromagnetic audio or video recordings, laser disks, microfilms, microfiche, computer cards, computer tapes, computer disks or diskettes, computer programs, sound records, and any and all other records of any and every description; and

e.  Any and all drafts or copies of any of the objects defined as documents in parts (a)-(d) above, which are not identical to the original of such documents.

5.  When an Interrogatory requires you to "state the basis of " a particular claim, contention, or allegation, state in your answer all facts that you think support, refer to, or evidence such claim, contention, or allegations and the identify of each and every evidences of such claim, contention, or allegation.

6.  As use herein, "Identify" or "Identification" shall mean:

a.  When used in reference to a person, such terms shall call for his or her full name, present or last-known address, telephone number, present or last place of employment and relationship to you, and the events relative to this litigation.

b.  When used in reference to a document, such terms shall call for its date, its author, the person to whom it was directed (if applicable), the type of document (e.g. letter, memorandum, telegram, chart, etc.), the heading or title of the document (if applicable), its present location, each of its present custodians, and a detailed summary of its contents.

c.    If any Interrogatory requests identification of a document and such document was, but is no longer, in the possession or subject to the control of you, state whether it (a) is missing or lost, (b) has been destroyed, and (c) has been transferred to others, or approximate date thereof.

7.    In lieu of a summary of the contents of any documents as required by these instructions, you may furnish simultaneously with the filing of answers to these Interrogatories, such document for inspection and copying; and, in the event you choose to produce in lieu of summarizing its contents, your answer to these Interrogatories should state with particularity the document being produced and such document should accompany the answer. When producing the actual document in lieu of a summary of it, you admit the authenticity of the document produced.

8.    This singular and plural of words shall be interpreted either in the singular or plural to bring within the scope of these Interrogatories any information that might otherwise be construed to be outside the scope of these Interrogatories and shall not be interpreted so as to exclude any information otherwise within the scope of any one or more of these Interrogatories.

9.    As used herein, the present shall always include the past tense.

10.   If privilege is claimed as a ground for not answering any Interrogatory or if any Interrogatory is otherwise objected to, describe the legal and factual basis for the claim of privilege or other objection.

11.   These Interrogatories are continuing in nature, and supplemental answers should be supplied in the event that additional or different information becomes available. Supplemental answers are to be filed and served pursuant to Rule 26.05 of the Tennessee Rules of Civil Procedure.

1. Please state the names and addresses of any and all persons who you believe, or is known by you, your agents or attorneys, to have personal knowledge concerning the happening of the accident described in the Complaint herein.

Answer:

2. Please state the names and addresses of any person, known to you, your agents or attorneys, who has possession or control of any photographs, model, plat, map, drawing or motion pictures pertaining to any fact involved in this controversy, including pictures of the scene of the

accident, persons or vehicles involved.

Answer:

3. Please state the name and address of every person, other than the investigating police officers, known to you, your agents or attorneys, who has heard or has purported to have heard Plaintiff make any statement, remark or comment concerning the incident described in the Complaint.

Answer:

4. Please state the name and address of any person or persons, or any corporation who was the registered titled owner of the motor vehicle you were driving as of the date described in the Plaintiffs' Complaint.

Answer:

5. As of the date of the Complaint, if any person or corporation, other than those persons or corporations named in the answer to the preceding Interrogatory, had any legal or equitable ownership in said motor vehicle, please state the names and addresses of such person or corporation and what interest that person or corporation had in the ownership of such motor vehicle.

Answer:

6. If the motor vehicle described in the answers to the preceding Interrogatories was damaged in the accident described in the Complaint, please state the cost of repairing it. If it has not been repaired, please describe any repair estimates that have been made giving the name of the person or company making the estimate, and the amount of such estimate.

Answer:

7. Describe the year, make, and model of the vehicle you were driving at the time of the accident. State the type of transmission of which the vehicle was equipped, any power equipment on such vehicle, and the weight of such vehicle.

Answer:

8. Did any mechanical defect in the motor vehicle you were driving at the time of the accident contribute to the occurrence of the accident? If your answer is in the affirmative, please state the nature of such defect. Further, if you are claiming this accident happened as a result of any mechanical defect in your vehicle, please state the nature of said defect and the length of time it existed.

Answer:

9. If you were suffering from physical infirmity, disability or sickness at the time of the occurrence of the accident described in the Complaint, please describe the nature of such infirmity, sickness or disability.

Answer:

10. State whether or not you had consumed any alcoholic beverages, or taken any drugs or medications, within twelve (12) hours before the occurrence of the accident described in the Complaint.

Answer:

11. If the answer to Interrogatory No. 10 is in the affirmative, please state the type and amount of alcoholic beverages consumed, when and where you consumed them, or the amount and nature of the drugs or medications you had taken, and when you had taken them.

Answer:

12. Do you wear glasses? If your answer is yes, please state you prescribed them, when they were prescribed, when your eyes were last examined, and by whom.

Answer:

13. If you are currently employed, please state the name and address of your employer; the type of work that you do; whether or not you were operating the vehicle as part of your job duties; or for someone else; and if so, please state said person's name.

Answer:

14. Have you ever traveled the highway upon which the accident occurred prior to the time of the accident? If your answer is in the affirmative, please state the period of time prior to the accident you had traveled that highway.

Answer:

15. Did you plead guilty to any charge or traffic citation placed against you arising out of the accident described in the Complaint?

Answer:

16. If your answer to Interrogatory No. 15 is in the affirmative, please state the charge to which you pled guilty.

Answer:

17. Please state whether you, your agents, servants or employees have possession, custody and control of any movies of any parties of this lawsuit, or any photographs of any parties of this lawsuit.

Answer:

18. State whether you, your agents, attorneys, servants or employees have any information indicating whether any of the parties to this litigation have ever been convicted

of a crime, and if so, give the details of said conviction to include date; county; and the specific charge.

Answer:

19. Please state the name and address of each individual known to you, your agents or attorneys, who will or may testify as to the past or present physical capabilities of the Plaintiff.

Answer:

20. Please state the name and address of each individual known to you, your agents or attorneys, who will or may testify to what the Plaintiffs said concerning the injuries sustained by the Plaintiffs as a result of the incident described in the Complaint.

Answer:

21. Have your agents, attorneys, insurance company, or anyone in your behalf requested or ordered and/or received any information from any computer information center concerning the Plaintiffs named in this suit? If so, please state:

a) The names;

b) The address and job title of the person having custody and control of this information;

c) The date the information was ordered, and the name, address and job title of the person so ordering the information; and

d) The nature of the information you received.

Answer:

22. State whether any of the parties to the litigation made any statement or statements or informed any person of the events or happenings referred to in the Complaint. If so,

please state with respect to each said statement:

    a)  The name and address of the person or persons to whom such statement was made;

    b)  The date the statement was made;

    c)  The form of the statement, whether written, oral, by recording device, or to a stenographer;

    d)  The names and addresses of all persons presently having custody of the statement; and

    e)  Whether you received a copy of said statement.

Answer:

23.  State whether you, your attorneys, your insurance carrier, or anyone acting on your or their behalf, obtain statements in any form, from any persons regarding any of the events or happenings that occurred at the scene of the incident referred to in the Complaint immediately before, at the time of, or immediately after said incident, or at any time after said incident. If so, state with respect to each said statement:

    a)  The name and address of the person from whom the statement was taken;

    b)  The date on which the statement was made;

    c)  The names and addresses of the persons and employers of such persons who took the statement;

    d)  The names and addresses of all persons having custody of the statement;

    e)  Whether the statement was written, by a recording device, oral, court reporter or by a stenographer; and

    f)  Which of the statements mentioned in the sub-paragraph above were signed by the person giving them.

Answer:

24.     Does the Defendant own a cellular telephone? If the answer is in the

affirmative, please provide the cellular telephone number. Also, as an Exhibit to these

Interrogatories, please attach a copy of the cellular telephone log for the date of the accident

showing any and all calls that were made by, or received by, the Defendant on the date of the

motor vehicle accident. Additionally, if the Defendant had access to anyone else's cellular

telephone on the date of the accident, please attach as an Exhibit to these Interrogatories, the

cellular telephone records that show the call history for the Defendant on the day of the

accident.

Answer:

25.     Please explain, with specificity, and in the Defendant's own words, why the

car accident that is the subject matter of this litigation occurred?

Answer:

26.     Please give a complete description of how the accident occurred. Also,

please state the complete name, address, and telephone number of any and all individuals;

government entities; or corporate entities that contributed to the motor vehicle accident

that is the subject matter of this litigation, and state how said entity or individual

contributed to this accident.

Answer:

**THESE INTERROGATORIES ARE DEEMED TO BE ONGOING AND SHOULD BE UPDATED PURSUANT TO THE TENNESSEE RULES OF CIVIL PROCEDURE.**

Respectfully submitted this the ___ day of February, 2020.

DAIL R. CANTRELL (014780)
**Attorney for Plaintiff**

**OF COUNSEL:**

**THE CANTRELL LAW FIRM**
**Post Office Box 299**
**Clinton, Tennessee 37717**
**(865) 457-9100**